(4) The juror will not accept the law as given to him by the court[.]
A district court is vested with broad discretion in ruling on challenges for cause, and such a ruling is subject to reversal only when a review of the entire voir dire reveals the court abused its discretion. State v. Dotson, 16-0473, p. 5 (La. 10/18/17), 234 So.3d 34, 39 (citation omitted). This standard of review is utilized "because the trial judge has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questions by the parties' attorneys." Id., 16-0473, p. 17, 234 So.3d at 45 (citations omitted). "Such expressions and intonations are not readily apparent at the appellate level where review is based on a cold record." Id.
Defendant first complains that the court should have granted his challenge to the prospective juror, claiming that as a victim of a similar attack herself at the hands of an authority figure, lacked the ability to adjudicate his guilt according to the law and evidence. The incident had occurred approximately fifty years earlier when she was a juvenile. Notwithstanding her history as a sexual assault victim, the juror responded to the district attorney that she could return a not guilty verdict if *305 the state failed to prove its case beyond a reasonable doubt. In fact, when cross-examined by defense counsel concerning that response, she stated she could "definitely" separate her emotional response from her objective evaluation of the evidence. The juror concluded by assuring defense counsel that she could be "balanced and fair." The court denied the ensuing defense challenge for cause, noting it was a "close" call.
Defendant likewise complains that another juror should have been excused for cause as incapable of fairly judging his case based on her experiences as a victim of sex crimes as a child and young adult. Despite her history, the juror responded affirmatively when asked by the district attorney if she could return a not guilty verdict if the state did not prove its case beyond a reasonable doubt. She explained to defense counsel that she thought she would do the "right thing" but wanted to disclose her history as a sexual abuse victim so as not to be "unfair to anybody." When questioned by the court, the juror indicated she believed she could adjudicate the case based on the evidence as opposed to being influenced by her own experiences. While she acknowledged that she might "lean" upon personal experience, she reiterated her belief that she could be fair and find Defendant not guilty if the state did not prove its case. Again acknowledging that it was a "close" case, the court denied Defendant's cause challenge.
Given the deference afforded the district court when ruling on such challenges, Defendant does not show that the court erred when it found the prospective jurors could adjudicate his guilt according to the law and evidence notwithstanding that they had been the victims of somewhat similar crimes themselves. See generally State v. Dorsey, 10-0216, p. 38 (La. 9/7/11), 74 So.3d 603, 631 (fact that a juror had previously been victim of crime will not disqualify that juror from serving so long as the juror remains impartial); see also State v. Mazique , 09-845, p. 23 (La.App. 5 Cir 4/27/10), 40 So.3d 224, 239-40 (no abuse of discretion when court denied cause challenge to a prospective juror in case where the accused had been charged with incest and pornography involving juveniles notwithstanding that the juror had daughter who had been molested and became visibly upset during voir dire when questioned about the case; juror subsequently indicated she could adjudicate case based on the evidence presented); State v. Robinson, 36,147, pp. 9-10 (La.App. 2 Cir. 12/11/02), 833 So.2d 1207, 1213-14 (no abuse of discretion when denying cause challenge to prospective juror who was a childhood rape victim and had a relative who was a victim of rape and murder in case of a defendant charged with forcible rape; juror stated past experiences would not affect her ability to act impartially).
While both jurors had been victims of sex crimes, they each expressed their opinions that they could decide the case based on the law and evidence. Cf. Dorsey, 10-0216, pp. 23-24, 74 So.3d at 622 ("A prospective juror's seemingly prejudicial response is not grounds for an automatic challenge for cause, and a district judge's refusal to excuse him on the grounds of impartiality is not an abuse of discretion, if after further questioning the potential juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence." (Citations omitted.) )
Defendant has failed to demonstrate that the court abused its discretion when it denied his challenges for cause. Accordingly, we find no merit in Defendant's assignment of error and affirm the convictions.
AFFIRMED.